IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40063
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ESTEBAN GONZALEZ-CUELLAR,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-CR-94-154
- - - - - - - - - -
August 23, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Esteban Gonzalez-Cuellar argues that the district court
erred when it increased his offense level under U.S.S.G.
§ 2L1.2(b)(2) because of his prior deportation after committing
an aggravated felony.  Gonzalez-Cuellar contends that the
burglary of a nonresidential building is not a "crime of

---

    [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

violence" as that term is defined in 18 U.S.C. § 16, which is referenced by § 2L1.2, comment. (n. 7). Id.

A sentence imposed under the guidelines will be upheld unless it is imposed in violation of the law, is the result of an incorrect application of the guidelines, or is an unreasonable departure from the applicable guideline range. United States v. Anderson, 5 F.3d 795, 798 (5th Cir. 1993), cert. denied, 114 S. Ct. 1118 (1994).

A Texas conviction for a burglary of a non-residential building constitutes a crime of violence under 18 U.S.C. § 16(b), and is thus an aggravated felony justifying a 16-level increase under § 2L1.2(b)(2). United States v. Rodriquez-Guzman, 56 F.3d 18, 20-21 (5th Cir. 1995).

The sentence imposed was not unreasonable nor the result of an incorrect application of the Guidelines.

AFFIRMED.